### WESLEY TUTT V. THE STATE.

No. 16450. Delivered January 10, 1934.
Rehearing Denied February 14, 1934.
Reported in 68 S. W. (2d) 210.

The opinion states the case.

*Crumpton & Crumpton,* of Texarkana, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for burglary; punishment, two years in the penitentiary.

The record is here without statement of facts or bills of exception. All matters of procedure appear regular.

The judgment is affirmed.

*Affirmed.*

### ON APPELLANT'S MOTION FOR REHEARING.

HAWKINS, JUDGE.—In disposing of the case originally on the ground that there were no bills of exception in the record, we were misled by a memorandum on the jacket containing the papers in the case, and for that reason did not examine the transcript as closely as otherwise we would have done.

In the motion for rehearing our attention is directed to a bill which incorporates therein evidence introduced on a hearing of the motion for a new trial, which was sought on the ground that appellant had been led to believe he would be given a suspended sentence, and for that reason had no witnesses present to testify on such issue. We regret that the bill of exception was filed too late to receive consideration. The motion for new trial was overruled on the 12th day of July, at which time ninety days from said date was granted in which to file bills of exception. The time expired on the 10th day of October. The bill was not filed until the 12th day of October, being two days after the expiration date. Article 760, C. C. P., sec. 5, expressly requires bills to be filed within ninety days from the date of giving notice of appeal, and even the trial judge is denied authority to extend the time of filing beyond ninety days. Many authorities may be found in Note No. 44 under article 760, Vernon's Annotated Texas C. C. P., vol. 3, and in the Cumulative Pocket Part to said volume.

The motion for rehearing is overruled.

*Overruled.*